## JAY v. DE GROOT.

*Practice — one not a party appearing bound by result of proceeding.*

Where one not a party in an action appears and is allowed to be heard in a motion therein, it renders such one an actual party to the motion, and bound by the result thereof.

APPEAL by the Equitable Fire Insurance Company of London from an order, at special term, refusing leave to enter judgment for a deficiency in an action brought by John Jay, Receiver of the Mechanics' Fire Insurance Company, against William H. De Groot and others, to foreclose a mortgage. The appellant was not a party to the action, but claimed an interest in the mortgage in question.

*Charles E. Whitehead,* for appellant.

*Levi S. Chatfield* for respondent.

DANIELS, J.

The court held that as the question had been decided at a hearing where the appellant appeared and was heard, they would not interfere with the decision then made. The opinion states :

" On that hearing all the facts could have been shown for any thing now appearing to the contrary, just as well as the single affidavit made by Mr. Holbrook. There must have been an opportunity for a full and complete hearing as long as the insurance company was allowed to be heard at all. And it was its own fault if it neglected to show any thing then existing which would

have constituted either a legal or equitable answer to the motion. This hearing was as effectual as though the company had received notice of the motion, and had been named as a formal party to it. For the only object of those forms is to secure to the party an opportunity to be heard in a proceeding taken to affect his rights. And that was fully secured by the opportunity which was given to the company, and made use of by it, not only to produce affidavits and be heard on the motion itself, but afterward also on the argument of the appeal taken from the order made when the motion was decided. This made the company an actual party to the motion, with all the advantages as well as the disabilities resulting from that relation to it. Among the latter is the circumstance, that a motion once decided is ordinarily final on the matters involved in it, unless leave be given or obtained to present the same matter afterward for consideration and decision. This was held to be the effect of such a proceeding in *Dwight* v. *St. John*, 25 N. Y. 203. And the company having, and also availing itself of the opportunity to be heard as a party to it, is fully concluded by the disposition which was then made of the judgment now desired to be entered again. *Castle* v. *Noyes*, 14 N. Y. 329."

*Order affirmed.*